Citation Nr: 1710348 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 09-26 009 ) DATE
 )
 )

Received from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Avery M. Schonland, Associate Counsel


INTRODUCTION

The Veteran had active service from October 1983 to February 1986. 
This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. The Veteran has moved several times during the pendency of the appeal, and the Cleveland RO certified this case to the Board on appeal. 

The Board remanded the case for further development in September 2013 and February 2016. In the September 2013 remand, the Board also expanded the Veteran's service connection claim for posttraumatic stress disorder (PTSD) under Clemons v. Shinseki, 23 Vet. App. 1, 5-6, 8 (2009) to an acquired psychiatric disorder as the record reflects numerous psychiatric diagnoses. The case has since been returned to the Board. 

This case consists entirely of documents in the Veterans Benefits Management System (VBMS). The Board has reviewed all relevant documents in VBMS. Any future consideration of this Veteran's case should take into consideration the existence of this electronic record. The Veteran's Virtual VA claims file includes his representative's informal hearing presentation prior to the September 2013 remand. Otherwise, the documents therein are either duplicative of those in VBMS or irrelevant to the issue on appeal. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board notes that the September 2013 and February 2016 remand directives included a VA examination. The AOJ attempted to schedule the VA examination in March 2016, but the Veteran requested to schedule this examination when he had finished chemotherapy. While the RO attempted to contact the Veteran for rescheduling this examination in May 2016, the Veteran did not respond. However, the record also does not reflect that the AOJ made any further attempt to schedule the VA examination. Upon a showing a good cause, a VA examination may be rescheduled. Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, death of an immediate family member, etc. 38 C.F.R. § 3.655(a). In light of his chemotherapy, the Board finds that the Veteran has presented good cause for requesting to reschedule his VA examination. Consequently, the Board finds that the Veteran should again be scheduled for an appropriate VA examination. The Board advises the Veteran, however, if VA notifies him of a scheduled examination, and he fails to report for such examination without good cause, his claims must be decided on the evidence of record. See id.; see also Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) ("The duty to assist is not always a one-way street.").

While on remand, the AOJ should obtain any outstanding VA or private treatment records. The electronic claims file includes several entries for electronic review of the VA treatment records. Some, but not all, of these have corresponding VA treatment records available for review in the electronic claims file. Additionally, the Veteran reported in a September 2009 statement that a private doctor fulfills his prescriptions. On remand, the AOJ should obtain any outstanding VA or private treatment records. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for a psychiatric disorder. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

2. The AOJ should also secure any outstanding VA treatment records. This request should specifically include all records from the Chicago Healthcare System for treatment from January 2006 through March 2007, November 2008 through June 2009, and since August 2009; from the Danville and Tomah VAMCs for treatment since February 2009; the Chillicothe VAMC for treatment since August 2010; and the Cleveland VAMC for treatment since March 2013. 

3. After completing the foregoing development, the AOJ should afford the Veteran a VA examination to determine the nature and etiology of any psychiatric disorder that may be present. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service treatment records, and lay assertions. 

The examiner should identify all current psychiatric disorders. In so doing, he or she should consider the various diagnoses of record in the VA treatment records, including personality disorder with anti-social and passive aggressive features, depressive disorder, bipolar disorder, dysthymic disorder, and mood disorder. 

For each diagnosis identified other than PTSD and a personality disorder, the examiner should state whether it is at least as likely as not that the disorder began during service or is otherwise related thereto. In this regard, the examiner should discuss the service treatment records showing situational stress reaction with depression in January 1985, assessment for depression and insomnia in March 1985, a tendency towards anorexia in June 1985, and depressive reaction in December 1985. The examiner should further discuss the March 2007 VA treatment note reflecting a history of undiagnosed bipolar disorder during service. 

If the Veteran is diagnosed with a personality disorder, the examiner should state whether there was a superimposed disease or injury that occurred during service. In rendering this opinion, the examiner should consider the service treatment records showing situational stress reaction with depression, assessment for depression and insomnia, tendency towards anorexia, and depressive reaction, as listed above; as well as assessment for personality disorder in October 1985, and Axis II diagnosis for a mixed personality disorder with anti-social and passive-aggressive features upon discharge from in-patient treatment in November 1985. 

Regarding PTSD, the AOJ should provide the examiner with a summary of any verified in-service stressors. The examiner must be instructed that only these events, as well as any stressors related to fear of hostile military or terrorist activity, may be considered for the purpose of determining whether exposure to an in-service stressor has resulted in PTSD. 

If there is a verified stressor or if he or she determines that the Veteran experienced the fear of hostile military activity while in active service, the examiner should determine whether the diagnostic criteria to support the diagnosis of PTSD have been satisfied. If the PTSD diagnosis is deemed appropriate, the examiner should then comment upon the link between the current symptomatology and any verified in-service stressor.

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of a certain conclusion as it is to find against it.)

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history [,]" 38 C.F.R. § 4.1, copies of all pertinent records in the appellant's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

4. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence. If any benefit sought is not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).










This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 
of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. S. CARACCIOLO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).